# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## DIVISION

RECEIVED

DEC 0 4 2024

US DISTRICT COURT
MID DIST TENN

Michael White,
    Plaintiff,

v.

Wayne Wesson, Elina B. Foster, Carol Jean,
Charles Lee, Weakley Eddie Bernard,
W. Michael McCown, Franklin Lee Russell,
    Defendants.

)
)
)
)
)
)
)
)
)
)

Civil Action No. _____

**JURY TRIAL REQUESTED** ✓ YES

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS FILED
## PURSUANT TO 42 U.S.C. § 1983

**I.**    **PARTIES TO THIS LAWSUIT**

    A.  Plaintiff(s) bringing this lawsuit:

        1.  Name of the first plaintiff: <u>Michael White</u>
        Prison: <u>00388508</u>
        Address of the first plaintiff: <u>Trousdale Turner Correctional Center, 140 Macon</u>
        <u>Way, Hartsville, TN 37074</u>

        Status of Plaintiff: <u>CONVICTED</u>

Revised 11/2014

B. Defendant(s) against whom this lawsuit is being brought:

    1. Name of the first defendant: <u>T.B.I. Wayne Wesson</u>
       Place of employment of the first defendant: <u>Tennessee Bureau of Investigation</u>

       First defendant's address: <u>P.O. Box 167 Chapel Hill, TN 37304</u>
       (last known address)

       Named in official capacity?      <u>✔</u> Yes    ___ No
       Named in individual capacity?   <u>✔</u> Yes    ___ No

    2. Name of the second defendant: <u>Circuit Court Clerk, Elina B. Foster</u>
       Place of employment of the second defendant: <u>302 Marshall County Courthouse,</u>
       <u>Lewisburg, TN 37091</u>
       Second defendant's address: <u>(unknown address)</u>

       Named in official capacity?      <u>✔</u> Yes    ___ No
       Named in individual capacity?   <u>✔</u> Yes    ___ No

## II.   JURISDICTION

A. Jurisdiction is asserted pursuant to 42 U.S.C. § 1983 (applies to state prisoners). Jurisdiction is also invoked pursuant to 28 U.S.C. § 1343(a)(3).

If you wish to assert jurisdiction under different or additional statutes, you may list them below:

**III.**   **PREVIOUS LAWSUITS (The following information must be provided by each plaintiff.)**

A.   Have you or any of the other plaintiffs in this lawsuit filed any other lawsuit(s) in the United States District Court for the Middle District of Tennessee, or in any other federal or state court?          ___ Yes          _✔_ No

B.   If you checked the box marked "Yes" above, provide the following information:

1.   Parties to the previous lawsuit:

Plaintiffs    _____
_____
Defendants    _____
_____

2.   In what court did you file the previous lawsuit? _____
_____
(If you filed the lawsuit in federal court, provide the name of the District. If you filed the lawsuit in state court, provide the name of the state and the county.)

3.   What was the case number of the previous lawsuit? _____

4.   What was the Judge's name to whom the case was assigned? _____
_____

5.   What type of case was it (for example, habeas corpus or civil rights action)?
_____

6.   When did you file the previous lawsuit? (Provide the year, if you do not know the exact date.) _____

7.   What was the result of the previous lawsuit? For example, was the case dismissed or appealed, or is it still pending? _____

8.   When was the previous lawsuit decided by the court? (Provide the year, if you do not know the exact date.) _____

9.   Did the circumstances of the prior lawsuit involve the same facts or circumstances that you are alleging in this lawsuit?          ___ Yes          ___ No

## IV.   EXHAUSTION

A.  Are the facts of your lawsuit related to your present confinement?

_✔_ Yes          ____ No

B.  If you checked the box marked "No" in question III.B above, provide the name and address of the prison or jail to which the facts of this lawsuit pertain. _____
_____
_____

C.  Do the facts of your lawsuit relate to your confinement in a Tennessee state prison?

_✔_ Yes          ____ No

D.  Have you presented these facts to the prison authorities through the state grievance procedure?          ____ Yes          _✔_ No

E.  If you checked the box marked "Yes" in question III.D above:

1.  What steps did you take? But! I have filed multiple motions for habeas corpus against the Warden(s) in the present and prior institutions for illegally restraint.

2.  What was the response of prison authorities? Since the Warden(s) was represented by the State there was no direct response by the institutional authorities.

F.  If you checked the box marked "No" in question IV.D above, explain why not. I was not aware that I needed to file a grievance forms with the past and/or present institutions.

G.  Do the facts of your lawsuit pertain to your confinement in a detention facility operated by city or county law enforcement agencies (for example, city or county jail, workhouse, etc.)? ____ Yes          _✔_ No

H.  If "Yes" to the question above, have you presented these facts to the authorities who operate the detention facility?          ____ Yes          ____ No

I.  If you checked the box marked "Yes" in question III.H above:

1.  What steps did you take? _____
_____

2.   What was the response of the authorities who run the detention facility? _____
_____
_____

J.   If you checked the box marked "No" in question IV. H above, explain why not. _____
_____
_____
_____

## V.    CAUSE OF ACTION

Briefly explain which of your constitutional rights were violated: 4th Amendment; Judicial officers lacked authorization, probable cause, personal and/or subject matter jurisdiction pertaining to the affidavit of complaint/arrest warrant. 5th Amendment; the second indictment No.16303 subject the plaintiff twice for the same offense and was constructively amendment. 6th Amendment; the initial indictment No.16177 failure to give notice of any charge offense or the nature and cause. 14th Amendment; the plaintiff was restraint deprived of life, liberty, and property without due process and equal protection of the laws. In additional, the court amendment of second indictment No. 16303 when it "incorporated" any and all filing in the initial case into the second case, then later dismissed the initial case.

## VI.    STATEMENT OF FACTS
State the relevant facts of your case as briefly as possible. Include the dates when the incidents or events occurred, where they occurred, and how each defendant was involved. Be sure to include the names of other persons involved and the dates and places of their involvement.

If you set forth more than one claim, number each claim separately and set forth each claim in a separate paragraph. Attach additional sheets, if necessary. Use 8 ½ inch x 11 inch paper. Write on one side only, and leave a 1-inch margin on all 4 sides.

In the Circuit Court Clerk's Office at Marshall County Courthouse on April 27, 2004, an affidavit of complaint and arrest warrant was issued. On May 8th of 2004, the plaintiff's was arrested. On May 11, 2004, the plaintiff was before the General Sessions Court. On June 8, 2004, the plaintiff was before General Sessions on a hearing of probable cause, the matter was bound-over to the Marshall County Grand Jury. On June 30th of 2004, the plaintiff was arraigned in the initial Case #16177 on a sixteen count indictment which failure to charge any offense. A plea of not guilty was entered and was duly arraigned. On July 21, 2004, on motion of plaintiff, this matter was continued to August 18, 2004. On August 18, 2004, on motion of plaintiff, this matter was continued to September 22, 2004. On September 22, 2004, a second sixteen count indictment was returned by the grand jurors charging the same penal statute under T.C.A. §39-13-503, during the arraignment in the second Case No. 16303 the defendant's Charles Lee, incorporated any and all filling of the initial Case No. 16177 into second Case No. 16303. On October 27, 2004, upon motion of plaintiff, this matter was continued to November 17, 2004. On March 15, 2005, there was the commencement of trial. On March 16, 2005, the trial concluded, the plaintiff's was found guilty by a jury for all sixteen (16) separate alleged charges. On April 26, 2005, a Sentencing Hearing was conducted and plaintiff was sentenced to five consecutive eleven year sentence for effective total fifty-five (55) years. On February 10, 2006, the charges in the initial Case #16177 that had prior been *"incorporated"* into the second active Case No. 16303 was **"Dismiss/Nolle Prosequi."**

# THE PLAINTIFF'S CLAIMS:

I.   That the affidavit of complaint document itself was not authorized when defendants (Clerk) Elina B. Foster and (T.B.I.) Wayne Wesson, did not meet all of the requirements under Article III Section 15-16 of Tennessee Constitution; Tenn. Code Ann. §4-1-314, thus invalid without the Great Seal of the State of Tennessee. Article VI § 12 of Tenn. Const.

II.   On April 27, 2004, the contents of the affidavit of complaint and arrest warrant that was used by the defendants (Clerk) Elina Foster and (T.B.I.) Wayne Wesson, to support the probable cause, failed to comply with the requirements under Article VI Section 12 of Tennessee Constitution; Tenn. Code Ann. §18-6-113-114; Article III § 15-16 Tenn. Const; 4th Amendment. The defendants failed to support the probable cause by affirmation in accordance with the requirements of the laws, thus, invalid.

III.   That the defendant's (T.B.I.) Wayne Wesson, executed the unauthorized illegal act on September 22, 2004, when prosecuting fourteen separate counts not support by probable cause in direct contravention of Sup. Ct. R. 8, RPC 3.8. On April 27, 2004, the contents of the affidavit of complaint that was sworn to by defendant's Wayne Wesson, and the determination made defendant's (Clerk) Elina B. Foster, only established probable cause for one incident allegedly happened on April 11, 2004. On about June 8, 2004, the preliminary hearing court found probable cause for the same incident found in the arrest warrant. The court bound-over the alleged offense for grand jury review. The defendant's (district attorney general) W. Michael McCown, prepared, and the defendant's Wayne Wesson, prosecuted sixteen separate count with same penal statute T.C.A. §39-13-503 and presented them before the grand jurors. In Count-1 through 14 those alleged incidents are dated from November 22, 2002 through January 5, 2004. The defendant(s) should have known that the purpose of the warrant is to serve as the charging instrument. There was only one incident for an offense found in the affidavit of complaint and arrest warrant and preliminary hearing court examination. Thus, Count 1-14 are void.

IV.   On June 30, 2004, defendant's (Judge) Charles Lee, in the initial indictment failure to put the plaintiff on notice of any charge offense, due to that it continued the illegal restraint in violation of plaintiff's 6th and 14th Amendments rights. The language in the body of the indictment failed to demonstrate any sexual penetration in accordance with Tenn. Code Ann. §39-13-501(7). When charging unlawful sexual penetration of the "primary genital area" in the body of the indictment did not meet the requirements of the law. Thus, the indictment is void.

V.   The defendant's (Judge) Franklin Lee Russell, executed an unauthorized illegal act when dismissal of the initial Case No. 16177 without dismissal of the second Case No. 16303, the initial case was incorporated into the second case, thus, became amalgamated. The plaintiff's was convicted, then months afterward, the defendant's Lee Russell, dismissed Nolle/Proseqi the initial case without dismissing of the second case. Thus, in violation of plaintiff's due process and equal protection rights.

VI.   The defendant's (Judge) Franklin Lee Russell and defendant's (Clerk) Elina Foster executed an unauthorized illegal act when entered Judgments No.16303 against the plaintiff's that was not recorded in accordance with Tenn. Code Ann. §18-4-103(3) and (7); §18-1-105; 16-1-106.

VII. The defendant Detective Carol Jean, the arresting officer executed the arrest warrant without legal authority in the arresting document which not in accordance with the 4th Amendment.

**VII. RELIEF REQUESTED:** State exactly what you want the Court to order each defendant to do for you.

    1. The defendant's to admit they violated plaintiff's constitutional rights

    2. The defendant's to compensate the plaintiff's for all injury that was cause by the wrongful acts committed pursuant to all laws.

    3. To compensate the plaintiff in the amount based on the fairness under all applicable laws.

I request a jury trial.     _✔_ Yes        ____ No

## ADDITIONAL SHEETS ATTACHED

Defendant(s) against whom this lawsuit is being brought:

3. Name of the third defendant: Detective Carol Jean

    Place of employment of the third defendant: Lewisburg Police Department

    Third defendant's address: (unknown address)
    Named in official capacity?     _✔_ Yes
    Named in individual capacity?     _✔_ Yes

4. Name of the fourth defendant: (Judge) Charles Lee
    Place of employment of the second defendant: 302 Marshall County Courthouse, Lewisburg, TN 37091
    Fourth defendant's address: (unknown address)

    Named in official capacity?     _✔_ Yes
    Named in individual capacity?     _✔_ Yes

5. Name of the fifth defendant: Assistant District Attorney General, Weakley Eddie Bernard
    Place of employment of the second defendant: 302 Marshall County Courthouse , Lewisburg, TN 37091
    Fifth defendant's address: (unknown address)

    Named in official capacity?     _✔_ Yes
    Named in individual capacity?     _✔_ Yes

6. Name of the sixth defendant: W. Michael McCown
    Place of employment of the second defendant: District Attorney General at 302 Marshall County Courthouse, Lewisburg, TN 37091
    Sixth defendant's address: (unknown address)

    Named in official capacity?     _✔_ Yes
    Named in individual capacity?     _✔_ Yes

7. Name of the seventh defendant: <u>Judge Franklin Lee Russel</u>
Place of employment of the second defendant: <u>302 Marshall County Courthouse,</u>
<u>Lewisburg, TN 37091</u>
Seventh defendant's address: <u>570 Church Street East Brentwood, 37027</u>  (believed to be
the known address)
Named in official capacity?          _✓_  Yes
Named in individual capacity?        _✓_  Yes

## VIII.  CERTIFICATION

I (Michael White) certify under the penalty of perjury that the foregoing complaint is true to the best of my information, knowledge and belief.

Signature: _Michael White_                    Date: _____11-22-24_____
Prison Id. No. <u>00388508</u>
Address (Include the city, state and zip code.): _____

**SWORN TO AND SUBSCRIBED** before me

this the 22nd day of November 2024.

_signature_
Signature of Notary

[Notary seal: W M GRADY, STATE OF TENNESSEE, NOTARY PUBLIC, COUNTY OF TROUSDALE, My Comm. Expires August 27, 2025]

Michael White
# 00388508
T.T.C.C.
140 Macon Way
Hartsville, TN 37074

THE DEPARTMENT OF CORRECTION
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~ED
~~~~~~~~~~~~~~~~~~~~~~~~~~~~ NOT
~~~~~~~~~~SIBLE FOR THE CONTENTS

US POSTAGE
ZIP 37074
02 4R
0000363323 NOV 27 2024
$ 002.31°

RECEIVED
DEC 04 2024
US DISTRICT COURT
MID DIST TENN

Clerk of Court
Lynda M. Hill, Fred D. Thompson
Cthse, 719 Church Street
Nashville, TN 37203