UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **MICHAEL WHITE # 00388508,** | ) |
| Plaintiff, | ) |
| | ) No. 3:24-cv-01426 |
| v. | ) |
| | ) |
| **WAYNE WESSON,** *TBI*, *et al.*, | ) |
| Defendants. | ) |

# MEMORANDUM OPINION AND ORDER

Michael White, an inmate of the Trousdale Turner Correctional Complex in Hartsville, Tennessee, filed a pro se, in forma pauperis Complaint pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. (Doc. Nos. 1, 6). Recently, he filed a "First Amended Complaint"[1] (Doc. No. 11), a Motion to Ascertain Status of Case (Doc. No. 12), and a Motion to File Supplemental Complaint (Doc. No. 13).

## I. MOTIONS

Plaintiff's Motion to Ascertain Status of Case (Doc. No. 12) is **GRANTED** insofar as the Court rules on all pending motions and conducts the required screening of the Second Amended Complaint herein. (See supra n.1).

Plaintiff's Motion to File Supplemental Complaint (Doc. No. 13) also is **GRANTED**. The Court will consider the allegations raised in the Supplemental Complaint, but the operative pleading in this case remains the Second Amended Complaint (Doc. No. 11). Notably, the

---

[1] The document entitled "First Amended Complaint" by Plaintiff is actually a Second Amended Complaint as Plaintiff previously filed a First Amended Complaint. (See Doc. Nos. 7, 10). The Court therefore will refer to the operative pleading in this case as the Second Amended Complaint.

1

Supplemental Complaint does not allege claims against any individuals who were not named as Defendants in the Second Amended Complaint.

## II. SCREENING OF THE SECOND AMENDED COMPLAINT

The Second Amended Complaint (Doc. No. 11) is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

A. <u>PLRA SCREENING STANDARD</u>

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," <u>id.</u> § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). <u>Id.</u> § 1915A(b).

The court must construe a pro se complaint liberally, <u>United States v. Smotherman</u>, 838 F.3d 736, 739 (6th Cir. 2016) (citing <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. <u>See</u> <u>Thomas v. Eby</u>, 481 F.3d 434, 437 (6th Cir. 2007) (citing <u>Denton v. Hernandez</u>, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, <u>Haines v. Kerner</u>, 404 U.S. 519, 520121 (1972); <u>Jourdan v. Jabe</u>, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." <u>McDonald v. Hall</u>, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

B. SECTION 1983 STANDARD

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009) (quoting Sigley v. City of Panama Heights, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

C. ALLEGED FACTS

The allegations of the Second Amended Complaint are assumed true for purposes of the required PLRA screening.

The affidavit of complaint to procure the arrest warrant against Plaintiff given by Wayne Wesson, TBI employee, did not meet all the procedural and constitutional requirements. On April 27, 2004, Defendant Elina B. Foster, Clerk of Court, issued the warrant to arrest Plaintiff. On May 8, 2004, Defendant Carol Jean, Detective, executed the arrest warrant.

On June 30, 2004, Defendant Michael McCown, District Attorney, signed an indictment against Plaintiff. Defendant Judge Charles Lee presided over the hearing in which Plaintiff was arraigned on a sixteen-count indictment.

On September 22, 2004, Judge Lee, "in an attempt to 'cover up' the void indictment alleged during the initial arraignment, 'incorporated all fillings in the original case number 16177 into the matter involving case number 16303 See (Appendix-F) which was a 'supplemental indictment' See (Appendix-c) *that's what the prosecutor for the State called it* on April 26, 2005 at the sentencing hearing when amending the number 16177." (Doc. No. 11 at 3) (internal quotation marks and italics in original).

3

On March 15-16, 2005, Defendant Judge Franklin Lee Russell presided over Plaintiff's trial. The prosecutor was Defendant Weakley Eddie Bernard.

On February 10, 2006, Judge Russell "dismissed/nolle prosequi on all charges in case number 16177 . . . ." (Id. at 5).

As relief, Plaintiff asks for admissions by Defendants that they violated Plaintiff's constitutional rights, compensatory damages, and the "revers[al]" of Plaintiff's "wrongful restraint." (Id. at 5).

D. ANALYSIS

The Second Amended Complaint alleges Section 1983 claims against Defendants Wayne Wesson, Elina B. Foster, Carol Jean, Charles Lee, Weakley Eddie Bernard, W. Michael McDown, and Franklin Lee Russell.

First, the Second Amended Complaint alleges false arrest claims against Detective Carol Jean. The Fourth Amendment requires that a law enforcement official have probable cause for an arrest. U.S. Const. amend. IV. The probable cause necessary to justify an arrest is defined as "whether at that moment the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [arrestee] had committed or was committing an offense." Radvansky v. City of Olmsted, 496 F.3d 609, 614-15 (6th Cir. 2007) (quoting Beck v. Ohio, 379 U.S. 89, 91 (1964)). The probable cause determination is limited to the "totality of the circumstances" known to the officer at the time of arrest, including all facts known to the officer at the time. Gardenhire v. Schubert, 205 F.3d 303, 318 (6th Cir. 2000).

To state a false arrest claim, when a plaintiff is arrested pursuant to a warrant, the plaintiff must show "that in order to procure the warrant, [the officer] knowingly and deliberately, or with

4

reckless disregard for the truth, made false statements or omissions that created a falsehood and such statements or omissions were material, or necessary, to the finding of probable cause." Sykes v. Anderson, 625 F.3d 294, 305 (6th Cir. 2010) (citations omitted)). A facially valid warrant is not always sufficient to merit dismissal of a false arrest claim brought pursuant to Section 1983 when evidence exists that a defendant intentionally misled or intentionally omitted information at a probable cause hearing for an arrest or search warrant if the misleading or omitted information is critical to the finding of probable cause. See Mays v. City of Deyton, 134 F.3d 809, 816 (6th Cir. 1998); United States v. Atkin, 107 F.3d 1213, 1217 (6th Cir. 1997).

District courts apply state statutes of limitations to claims under 42 U.S.C. § 1983. Harris v. United States, 422 F.3d 322, 331 (6th Cir. 2005). Tennessee applies a one-year statute of limitations to Section 1983 actions. Zundel v. Holder, 687 F.3d 271, 281 (6th Cir. 2012); Tenn. Code Ann. § 28-3-104(a)(1). However, federal law determines "[t]he date on which the statute of limitations begins to run in a § 1983 action." Eidson v. State of Tenn. Dep't of Children's Servs., 510 F.3d 631, 634-35 (6th Cir. 2007) (citing Kuhnle Bros., Inc. v. Cty. of Geauga, 103 F.3d 516, 520 (6th Cir. 1997)). For claims of false arrest, the statute of limitations begins to run at the time the plaintiff becomes detained pursuant to legal process—when he is bound over by a magistrate or arraigned on the charges. Wallace v. Kato, 549 U.S. 384, 390, 397 (2007).

The statute of limitations began to run when Plaintiff was detained pursuant to legal process. See Wallace, 549 U.S. at 397. The Second Amended Complaint alleges that date was June 30, 2004. Plaintiff filed this action over twenty years later. Thus, Plaintiff's false arrest claims against any Defendant are time barred because the claims were filed more than one year after Plaintiff's arrest.

5

Next, the Second Amended Complaint alleges that Wayne Wesson, Tennessee Bureau of Investigation employee, obtained an arrest warrant against Plaintiff without probable cause. Fourth Amendment jurisprudence dictates that for a search or seizure of a person or property to be considered reasonable, it must be supported by a warrant premised upon probable cause, absent exceptional circumstances. Probable cause for a search warrant exists "if the facts and circumstances are such that a reasonably prudent person would be warranted in believing that an offense had been committed and that evidence thereof would be found on the premises to be searched." Greene v. Reeves, 80 F.3d 1101, 1106 (6th Cir. 1996). Probable cause sufficient to support an arrest warrant requires a showing "that the police have 'reasonably trustworthy information . . . sufficient to warrant a prudent man in believing that the [defendant] had committed or was committing an offense." Id. (quoting Centanni v. Eight Unknown Officers, 15 F.3d 587, 592 (6th Cir. 1994)).

The Second Amended Complaint does not explain why Plaintiff believes Wesson acted without probable cause. There are no allegations that the warrant was improperly secured because of a factual omission, for example, or that Wesson "knowingly and deliberately, or with a reckless disregard for the truth" made "false statements" that were "material, or necessary, to the finding of probable cause." Vakilian v. Shaw, 335 F.3d 509, 517 (6th Cir. 2003) (citing with approval Wilson v. Russo, 212 F.3d 781, 786-87 (3d Cir. 2000)). The allegations therefore fail to state a Fourth Amendment claim under Section 1983 upon which relief can be granted. In any event, the claim against Wesson was filed beyond the governing statute of limitations for Fourth Amendment claims. That claim must be dismissed.

The Second Amended Complaint also alleges that Defendant Elina B. Foster, Clerk of Court, issued an arrest warrant against Plaintiff without probable cause. "It is well-settled in this

6

Next, the Second Amended Complaint alleges that Wayne Wesson, Tennessee Bureau of Investigation employee, obtained an arrest warrant against Plaintiff without probable cause. Fourth Amendment jurisprudence dictates that for a search or seizure of a person or property to be considered reasonable, it must be supported by a warrant premised upon probable cause, absent exceptional circumstances. Probable cause for a search warrant exists "if the facts and circumstances are such that a reasonably prudent person would be warranted in believing that an offense had been committed and that evidence thereof would be found on the premises to be searched." Greene v. Reeves, 80 F.3d 1101, 1106 (6th Cir. 1996). Probable cause sufficient to support an arrest warrant requires a showing "that the police have 'reasonably trustworthy information . . . sufficient to warrant a prudent man in believing that the [defendant] had committed or was committing an offense." Id. (quoting Centanni v. Eight Unknown Officers, 15 F.3d 587, 592 (6th Cir. 1994)).

The Second Amended Complaint does not explain why Plaintiff believes Wesson acted without probable cause. There are no allegations that the warrant was improperly secured because of a factual omission, for example, or that Wesson "knowingly and deliberately, or with a reckless disregard for the truth" made "false statements" that were "material, or necessary, to the finding of probable cause." Vakilian v. Shaw, 335 F.3d 509, 517 (6th Cir. 2003) (citing with approval Wilson v. Russo, 212 F.3d 781, 786-87 (3d Cir. 2000)). The allegations therefore fail to state a Fourth Amendment claim under Section 1983 upon which relief can be granted. In any event, the claim against Wesson was filed beyond the governing statute of limitations for Fourth Amendment claims. That claim must be dismissed.

The Second Amended Complaint also alleges that Defendant Elina B. Foster, Clerk of Court, issued an arrest warrant against Plaintiff without probable cause. "It is well-settled in this

Circuit that the issuance of an arrest warrant is a judicial act for judicial immunity purposes." DePiero v. City of Macedonia, 180 F.3d 770, 784 (6th Cir. 1999). Absolute judicial immunity "has been extended to non-judicial officers, such as a clerk of court, who is performing judicial functions." Leppla v. Kagel, No. 3:19 CV 2487, 2020 U.S. Dist. LEXIS 157774, 2020 WL 5106841, at *4 (N.D. Ohio Aug. 31, 2020). There are no allegations that anything "clearly deprived" Foster "of subject matter jurisdiction to issue" an arrest warrant. Norfleet v. Renner, 924 F.3d 317, 320 (6th Cir. 2019). Therefore, the Court finds that absolute judicial immunity is warranted with respect to the claims made against Foster. See id.; Helton v. Dixon, No. Civ. A. 05CV377KKC, 2006 U.S. Dist. LEXIS 11791, 2006 WL 751239, at *9-10 (E.D. Ky. Mar. 21, 2006) (conduct of the trial commissioner, who was vested with the power to issue an arrest warrant, was protected by judicial immunity and, therefore, not actionable under § 1983, even though the complaint alleged that she signed the arrest warrant without any probable cause and acted maliciously toward the plaintiff by signing the arrest warrant); Leppla, 2020 WL 5106841, at *4 ("[a] court clerk's involvement with the issuance of arrest warrants is a judicial act and is protected by absolute immunity" and "[a] clerk's involvement in failing to recall an executed or invalid warrant is likewise a judicial act"). And, in any event, the claims against Foster were brought beyond the governing statute of limitations period. These claims must be dismissed.

Next, the Second Amended Complaint alleges malicious prosecution claims under Section 1983 against prosecutors Weakley Eddie Bernard and W. Michael McCown. Under federal law, a plaintiff must prove four elements to establish a malicious prosecution claim: (1) a criminal prosecution was initiated against the plaintiff, and the defendant made, influenced, or participated in the prosecution decision; (2) there was no probable cause to support the charges; (3) as a result of the legal proceedings, the plaintiff suffered a deprivation of liberty apart from the initial seizure;

7

and (4) the criminal proceedings ended without a conviction. Thompson v. Clark, 596 U.S. 36 (2022); Miller v. Maddox, 866 F.3d 386, 389 (6th Cir. 2017); Sykes v. Anderson, 625 F.3d 294, 308-09 (6th Cir. 2010).

Here, Plaintiff fails to state colorable malicious prosecution claims under the Fourth Amendment because he does not allege that the criminal proceedings arising from his 2004 arrest ended without a conviction. Indeed, the Court's own research reveals that Plaintiff was convicted in Marshall County Circuit Court of multiple counts of rape. See State v. Michael White, No. M2005-01659-CCA-R3-CD (Tenn. Crim. App., Nashville, July 13, 2006). He was sentenced to a total effective sentence of 55 years' incarceration. Id. The Tennessee Court of Criminal Appeals affirmed the convictions and accompanying sentences on direct appeal. See Michael White v. Washburn, No. M2018-01815-CCA-R3-HC, 2019 WL 2207478, at *1 (May 22, 2019). White later made unsuccessful bids for post-conviction relief, see Michael White v. State, M2007-02157-CCA-R3-PC (Tenn. Crim. App., Nashville, Sept. 8, 2008) (affirming denial of post-conviction relief), and Rule 36.1 relief, see Michael White v. State, M2017-02039-CCA-R3-CD (Tenn. Crim. App., Nashville, July 23, 2018) (affirming denial of relief).

"One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused." Sykes *v*, 625 F.3d 294, 309 (citing Heck v. Humphrey, 512 U.S. 477, 484 (1994)); see King v. Harwood, 852 F.3d 568, 578-79 (6th Cir. 2017) (finding that, unlike claims for false arrest or false imprisonment, "a malicious-prosecution claim is not available before the favorable termination of criminal proceedings, nor does the limitations period for such a claim begin until the favorable termination of criminal proceedings"). Plaintiff's malicious prosecution claims therefore fail to state claims under Section 1983 upon which relief can be granted, and those claims will be dismissed.

8

Plaintiff's remaining Section 1983 claims are against Judges Charles Lee and Franklin Lee Russell. A judge has absolute immunity from suit both from money damages and injunctive relief for his judicial acts. See Butz v. Economou, 438 U.S. 478, 511-12 (1978), Kipen v. Lawson, 57 F. App'x 69, 692 (6th Cir. 2003). Judicial immunity is an immunity from suit, not just immunity from the assessment of money damages. See Mireles v. Waco, 502 U.S. 9, 11 (1991). Because a plaintiff's allegations of bad faith, malice, or corruption against a judge cannot overcome absolute judicial immunity from suit, a judge is entitled to have a suit accusing him or her of acting in bad faith, maliciously, or corruptly dismissed on the basis of judicial immunity. See id.

Judicial immunity from suit can be overcome in two situations, neither of which is applicable here. A judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity, or for actions, though judicial in nature, which are taken in the complete absence of all jurisdiction. See Mireles, 502 U.S. at 11-12; Stump v. Sparkman, 435 U.S. 349 (1978). Neither of these exceptions to judicial immunity is applicable because the alleged acts of Judges Lee and Russell clearly were judicial acts taken in the course of their judicial capacity and were not committed in the complete absence of all jurisdiction. Plaintiff's primary complaint against the judges appears to be that he was tried on a superseding indictment.[2] The

---

[2] In affirming the denial of habeas relief to White, the Tennessee Court of Criminal Appeals found:

> The documents attached to the petition for writ of habeas corpus belie the petitioner's claim that he only recently became aware of both the superseding indictment and the fact that he was convicted of the charges contained in that indictment. All the judgments of conviction and transcripts of evidence bear the superseding indictment number, and the direct appeal proceeded on that docket number. This court evaluated the propriety of the petitioner's convictions based upon the offenses charged in the superseding indictment. The exhibits to the petition show that the State utilized that docket number at the sentencing hearing. Moreover, as the State points out, the superseding indictment is valid on its face, and the petitioner does not contend otherwise. The language in the original and superseding indictments is nearly identical. Finally, a claim that the petitioner was

9

Second Amended Complaint makes no allegations that would subject either judge to liability in his individual capacity. Therefore, Judges Lee and Russell are absolutely immune from this civil suit, and Plaintiff's claims against them in their official and individual capacities must be dismissed.

Finally, with respect to the Plaintiff's request for the Court to release him from confinement, the law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983." Heck v. Humphrey, 512 U.S. 477, 481 (1994) (citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973)). A Section 1983 claim challenging confinement must be dismissed even where a plaintiff seeks only injunctive or monetary relief. Heck, 512 U.S. at 489-90 (claim for damages is not cognizable); Preiser, 411 U.S. at 488-90 (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254). Additionally, a state prisoner does not state a cognizable claim under Section 1983 where a ruling on his claim would imply the invalidity of his conviction and/or confinement, unless and until the conviction has been favorably terminated, i.e., reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Heck, 512 U .S. at 486-87; Ruff v. Runyon, 258 F.3d 498, 502 (6th Cir. 2001). The United States Supreme Court extended Heck to bar Section 1983 actions that do not directly challenge confinement, but instead challenge the procedures that imply unlawful confinement. Edwards v. Balisok, 520 U.S. 641, 648 (1997).

---

not arraigned on a specific indictment is not a cognizable ground for habeas corpus relief.

White, 2019 WL 2207478, at *2.

Plaintiff's request for relief directly challenges his continued confinement. This request is barred by <u>Heck</u> and its progeny.

### III. CONCLUSION

The Court has screened the prisoner complaint pursuant to the PLRA and finds, for the numerous reasons set forth above, that Plaintiff's Section 1983 claims against all named Defendants cannot proceed. Accordingly, this action is **DISMISSED**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE